ANDRE RUBINSTEIN and VALERIE RUBINSTEIN, Suing on Their Own Behalf and on Behalf of All Other Stockholders of CHOSEN CORPORATION, LIMITED, Similarly Situated, Plaintiffs, *v.* CAMILLE BOUARD and Others, Defendants.*

Supreme Court, Special Term, New York County, May 2, 1941.

* Modfd. and affd., 262 App. Div. 835.

*Abraham L. Pomerantz* [*Julius Levy* of counsel], for the plaintiffs.

*Goldwater & Flynn*, for the defendant Chosen Corporation, Limited, appearing specially for the purpose of this motion only.

WALTER, J. This is a derivative stockholders' action, and the British corporation in the right of which it is brought makes this motion to set aside the service of the summons upon the ground that it is not doing business here so as to be subject to suit here.

The corporation is purely an investment or holding company, the moving affidavit specifically stating that its activities " are limited to the investment in, and the holding of shares of other corporations." Its business consequently is the business of making and then watching and caring for investments, and the moving affidavit itself amply demonstrates that that business is done here consistently and regularly by a managing director who says he is domiciled and living in New York and has filed his intention of becoming a citizen of the United States. It admittedly has here organized three subsidiaries, and the fact that it has not here made any contracts other than those connected with the organization of those subsidiaries, or investments in and advances to said subsidiaries or subscriptions to their capital stock, means nothing more than that it has not here made any contracts other than those which pertain to the conduct of its business. The corporation thus is doing business here in such sense as to subject it to suit here, despite the absence of certain indicia of doing business which are more or less conventional and determinative in respect of mercantile and industrial corporations.

I do not place my decision upon the ground that the corporation is doing business here through its subsidiaries, or upon the ground that the separate and independent corporate existence of such subsidiaries can be or should be ignored, and cases dealing with such situations are not here in point. The basis of my decision is that defendants' admitted activities of organizing such subsidiaries, and subscribing for their stock and making investments in and advances to them, unquestionably constitute the doing of the business for which an investment corporation is organized. Neither is my decision based upon the mere presence here of the managing director through whom such activities are carried on. It is based upon the ground that such presence is long continued and intended to be permanent, or at least of indefinite duration, and is accompanied by such acts as constitute the conduct of the corporate business. If the corporation be not regarded as doing business

here it would be difficult to say that it is doing business anywhere.

My attention is called to a decision in which the opposite result was reached (*Sugarman* v. *Dahl*, N. Y. L. J. April 19, 1941, p. 1745), and my great respect and regard for the justice who rendered that decision has led me to examine the papers upon which that decision was made. After such examination, I am satisfied that that decision was arrived at because important facts here presented were not disclosed to the court upon that application.

Motion denied.